NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-507

COMMONWEALTH

vs.

KENMORE ROBERTS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Kenmore Roberts, pleaded guilty to drug and firearm charges in the Superior Court on March 27, 2007.  On May 22, 2017, the defendant's drug conviction for cocaine trafficking was vacated and dismissed with prejudice pursuant to an order of the Supreme Judicial Court.[1]  On December 7, 2020, the defendant filed a "motion to withdraw guilty plea; vacate remaining convictions; and grant a new trial" with respect to the firearm and marijuana possession charges.  Following a hearing, the motion was denied.  This appeal followed.  We affirm.

The defendant contends that the motion judge erred in denying his motion to vacate the firearms and marijuana

---

[1] See Bridgeman v. District Attorney for the Suffolk Dist., 476 Mass. 298 (2017).

convictions because they were tainted by the misconduct of Annie Dookhan.  He further contends that plea counsel was ineffective.

"A motion . . . pursuant to Mass. R. Crim. P. 30 (b)[, as appearing in 435 Mass. 1501 (2001),] is the proper vehicle by which to seek to vacate a guilty plea. . . .  Under Mass. R. Crim. P. 30 (b), a judge may grant a motion for a new trial any time it appears that justice may not have been done." Commonwealth v. Williams, 89 Mass. App. Ct. 383, 387 (2016), quoting Commonwealth v. Scott, 467 Mass. 336, 344 (2014).  "We review the denial of a motion to withdraw a guilty plea to determine whether there has been a significant error of law or other abuse of discretion."  Commonwealth v. Lastowski, 478 Mass. 572, 575 (2018), quoting Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016).

Motion to withdraw pleas. "The Supreme Judicial Court articulated a two-prong test, based on Ferrara v. United States, 456 F.3d 278, 290-297 (1st Cir. 2006), for analyzing a defendant's motion to withdraw a guilty plea in cases involving Dookhan's misconduct at the Hinton laboratory (Ferrara-Scott test)."  Commonwealth v. Lewis, 96 Mass. App. Ct. 354, 359-360 (2019), citing Commonwealth v. Scott, 467 Mass. 336, 346-353 (2014).  "Under the first prong of the analysis, a defendant must show egregious misconduct by the government that preceded the entry of the defendant's guilty plea and that occurred in

2

the defendant's case." Commonwealth v. Resende, 475 Mass. 1, 3 (2016). "Under the second prong of the Ferrara-Scott test, the defendant also 'must demonstrate a reasonable probability that he would not have pleaded guilty had he known of Dookhan's misconduct.'" Lewis, supra at 360, quoting Scott, 467 Mass. at 355. Under this framework, the defendant received the result to which he was entitled -- dismissal of the cocaine trafficking conviction, with prejudice. This is particularly important where Dookhan did not perform the testing in connection with the defendant's marijuana conviction.

In addition, it is well settled that "the conclusive presumption of governmental misconduct set forth in Scott applies only to the tainted drug convictions." Commonwealth v. Henry, 488 Mass. 484, 492 (2021). The defendant failed to show any government misconduct related to the firearm and marijuana possession convictions. Also, other than his own affidavit, which the motion judge was not required to credit, the defendant failed to present evidence that Dookhan's misconduct materially influenced his decision to plead guilty. Further, the Commonwealth's case against the defendant was strong, and the defendant's strategy in trying to suppress the firearm evidence was reasonable based on the penalties he faced.[2] Accordingly,

---

[2] To the extent that the defendant argues that he had a strong constructive possession defense, we note that the firearms were

3

the defendant is unable to "convince the court that a decision to reject the plea bargain would have been rational under the circumstances."  Scott, 467 Mass. at 356, quoting Commonwealth v. Clarke, 460 Mass. 30, 47 (2011).[3]

Ineffective assistance of counsel.  Generally, to prevail on an ineffective assistance of counsel claim a defendant must demonstrate that, but for his counsel's "serious incompetency, inefficiency, or inattention[,]" Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), "the result of the proceeding would have been different."  Commonwealth v. Mahar, 442 Mass. 11, 15 (2004), quoting Strickland v. Washington, 466 U.S. 668, 694 (1984).  The defendant claims that plea counsel was ineffective for failing to advise the defendant of the "direct consequences of agreeing to a government plea offer that was per se divisible."  However, "we have consistently permitted guilty pleas to stand even when other guilty pleas, entered at the same time, were vacated."  Lewis, 96 Mass. App. Ct. at 357.  Although we did not foreclose the possibility that the parties, with the assent of the judge, could state that the pleas were

_____

located on the driver's side floor and under the driver's seat in a car owned and operated by the defendant and in which he was the sole occupant.
[3] The defendant also contends that his plea must be vacated as void or voidable based on contract principles.  The Supreme Judicial Court considered and rejected this remedy for Dookhan's misconduct in Bridgeman, 476 Mass. at 475-478.

4

indivisible, this type of request is unusual and failure to make it does not render plea counsel ineffective.

Because the defendant's claims of error fail for the reasons stated, so too does his claim of cumulative error.

<u>Order denying motion to
   withdraw guilty pleas, and
   for a new trial, affirmed</u>.

By the Court (Milkey, Blake &
   Sacks, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  October 11, 2023.

---

[4] The panelists are listed in order of seniority.